*In re* MARRIAGE OF NANCY ZANNIS, Petitioner-Appellee, and ANTHONY ZANNIS, Respondent-Appellant.

First District (2nd Division) No. 82—1457

Opinion filed May 17, 1983.

Schiller, Du Canto and Fleck, Ltd., and Nicholas Zagone, both of Chicago (Donald C. Schiller and Terry J. Finman, of counsel), for appellant.

Feiwell, Galper & Lasky, Ltd., of Chicago (George S. Feiwell, Michael J. Berger, Lawrence S. Starkopf, and Andrew D. Eichner, of counsel), for appellee.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

In this dissolution of marriage action, respondent Anthony Zannis appeals from the denial of his petition for substitution of judges (Ill. Rev. Stat. 1981, ch. 110, par. 501), and from the award of temporary attorney fees to petitioner Nancy Zannis' attorney and also to the minor child's representative. Ill. Rev. Stat. 1981, ch. 40, pars. 506, 508.

The issues presented on appeal are: whether the pretrial denial of

the petition for change of venue was improper, therefore making the subsequent orders of attorney fees null and void; and, whether the award of attorney fees to petitioner's attorney and to the minor's representative was an abuse of the trial court's discretion.

On December 19, 1980, petitioner filed a petition for dissolution of marriage which alleged extreme and repeated mental cruelty on the part of respondent. During 1981, several rulings were made in regards to various motions filed by the parties, including: an award to petitioner of $2,000 a month for temporary maintenance and child support; a denial of petitioner's request for temporary exclusive possession of the marital home; resolutions of numerous discovery conflicts; and a demand for a bill of particulars regarding the grounds for dissolution.

Petitioner filed her first petition for temporary attorney fees on September 21, 1981. The minor child's representative filed his first petition for attorney fees and an order was entered on November 17, 1981, requiring both respondent and petitioner to pay the sum of $2,500 in fees from the couple's joint funds to the child's representative.

On January 12, 1982, petitioner filed an amended petition for attorney fees and eight days later, before any hearing on the fees, respondent filed a petition for substitution of judges. Respondent claimed that the motion judge in the Domestic Relations Division of the County Department of the Circuit Court was prejudiced against him, that he could not expect a fair trial by him, and that said prejudice first came to his knowledge on January 18, 1982. The motion judge denied the petition, and respondent filed a notice of appeal of the order on January 27.

Two days later, a hearing was held on the issue of attorney fees and respondent's attorney refused to participate, saying that because of his appeal of the denial of a change of venue, the court had lost its jurisdiction to hear the matter. The motion judge responded by stating that a denial of a change of venue is not an appealable order, therefore, the court retained jurisdiction and the hearing would proceed. Petitioner's attorneys testified as to the accuracy of the figures contained in the petition for attorney fees for services rendered and respondent's attorney refused to cross-examine them. The trial court calculated that the fees and costs incurred by the law firm to that date totaled $14,166 and with the deduction of the $3,500 retainer paid by petitioner in December of 1980, the firm was due the sum of $10,616. Respondent was therefore ordered to pay that sum. The trial judge refused to specify the source of the funds, saying that the trial

court would consider it in the ultimate disposition. Upon petitioner's request, the award was reduced to a judgment on February 9, 1982.

The minor child's representative filed a motion for a money judgment for the award of attorney fees previously granted him, which was allowed and entered on February 11, 1982. The source of the funds was also unspecified. Respondent appeals from the entry of the two orders for attorney fees.

I

■ Respondent acknowledges that a denial of a change of venue is not an appealable order (*Stark v. Roussey & Associates, Inc.* (1970), 131 Ill. App. 2d 379, 382, 266 N.E.2d 439), but argues that the orders entered after the improper denial of the petition should be declared null and void (*Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 105, 323 N.E.2d 129). Respondent urges that in this case, the trial court erred in not granting his petition for substitution of judges, filed on January 20, 1982, and that the improper denial of this motion makes the subsequent orders of attorney fees void.

We note initially that the recently decided Illinois Supreme Court case of *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120, held that "issues raised in a dissolution-of-marriage case are not separate claims and therefore not appealable under [Supreme Court] Rule 304(a)." (87 Ill. 2d R. 304(a).) Although that case concerned appellate review of an interlocutory child custody order, we feel the policy consideration of not allowing unnecessary piecemeal litigation applies in this issue. Dissolution of marriage cases present many questions and issues. Attorney fees are purely collateral to the main issue. The piecemeal appeals in dissolution cases create an unnecessary expense to the litigants and delay in the administration of justice.

However, case law at the time this appeal was taken allowed for a review of an award of temporary attorney fees before the entire dissolution was decided when, as here, the trial court expressly stated that there was "no just reason for delaying enforcement or appeal." We therefore allow review of the issue. For that reason, we decline to exercise our authority to dismiss the appeal, but alert the bar to this development.

Section 1 of "An Act to revise the law in relation to change of venue" allows a change in venue in a civil action "(2) Where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, because *** the judge is prejudiced against him, or his attorney ***." (Ill. Rev. Stat. 1981, ch. 110, par.

501(2).) Section 3 provides that:

> "*** A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, provided that if any grounds for such change of venue occurs thereafter, a petition for change of venue may be presented based upon such grounds." Ill. Rev. Stat. 1981, ch. 110, par. 503.

■■ It is recognized that the right to a change in venue is absolute if it is filed before the judge has ruled on any substantial issue. (*American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 128, 371 N.E.2d 232, *appeal denied* (1978), 71 Ill. 2d 597.) Once there has been a ruling on a substantial issue, however, the movant must state specific allegations to support the claim of prejudice and the change should be granted only in the sound discretion of the court. (*Templeton v. First National Bank* (1977), 47 Ill. App. 3d 443, 447, 362 N.E.2d 33, *appeal denied* (1977), 66 Ill. 2d 637.) The rationale for providing a mandatory right of removal before there has been a ruling on a substantial issue is that a party should not be compelled to present his case "before a judge who is prejudiced, whether actually or only by suspicion"; the correlative principle for requiring actual allegations of prejudice after a ruling on a substantial issue is that a party "may not 'judge shop' until he finds one in total sympathy to his cause." *American State Bank v. County of Woodford* (1977), 55 Ill. App. 3d 123, 128.

In this case, respondent did not allege specific instances of prejudice by the motion judge in his petition, but argues that petitioner's request for temporary attorney fees was a new cause of action, collateral and independent of the dissolution of marriage action. Respondent contends that because no rulings had been made on the petition for fees, he had an absolute right to a substitution of judges. He finds support for his contention that a petition for attorney fees is an independent action in the case of *In re Marriage of Ligas* (1982), 110 Ill. App. 3d 1, 441 N.E.2d 1277. There, the trial court had ruled on a petition for prospective attorney fees, after an appeal had been taken, to defend the appeal from the disposition of marital property upon the dissolution of the marriage. This court held that the trial court properly ruled on the fees issue since it was an independent issue that was merely collateral to the divorce proceedings. *In re Marriage of Ligas* (1982), 110 Ill. App. 3d 1, 8.

The ruling in *Ligas* was concerned only with the question of whether an award of attorney fees is collateral to issues involved in

an appeal of the disposition of marital property upon the dissolution of a marriage. As stated in a case upon which *Ligas* primarily relies, in such an instance, the main concern is whether the ruling by the trial court "would have the effect of interfering with review of the judgment from which the appeal has been taken." (*In re Marriage of Giammerino* (1981), 94 Ill. App. 3d 1058, 1061, 419 N.E.2d 598.) Therefore, the analogy that respondent is making is not appropriate.

 The request for attorney fees in a dissolution action that has not yet been resolved is not an independent action and must be considered to be part of the overall divorce proceeding. By way of contrast are cases in which courts have recognized that a petition for modification of a divorce decree is to be considered a new action for purposes of the Venue Act, *e.g.*, *Rosenblum v. Murphy* (1976), 42 Ill. App. 3d 1029, 356 N.E.2d 888. In those instances, the facts alleged are different from those in the divorce proceedings, and the modification action is considered a different controversy. *Johnson v. Johnson* (1975), 34 Ill. App. 3d 356, 365, 340 N.E.2d 68.

 Because we are not persuaded that petitioner's filing of a request for temporary attorney fees constitutes a new action, we hold that respondent did not have an absolute right to a substitution of judges, and absent specific allegations of prejudice, the trial court correctly denied the motion.

## II

Respondent also argues that, assuming the petition for substitution of judges was properly denied, the award of the attorney fees was an abuse of the trial court's discretion. Respondent, who did not contest the itemization of services rendered and petitioner's attorneys' testimony at the hearing on fees because he claimed the court lacked jurisdiction to hear the matter, now claims that: the itemization is inadequate because the entries entitled "court appearance" have no explanations; the entries entitled "telephone calls and conference" do not specify whom the calls and conferences were with; "case preparation" entries are not explained; there is no indication of the hourly rate for the various services performed; and the petition for fees did not show that the case involved such complex, novel or important issues that might justify a large award. Respondent also claims that petitioner failed to satisfy her burden of proving her financial inability to pay the fees and respondent's corresponding ability to do so.

Respondent makes a similar argument in regards to the minor's representative's itemization of his fees. The listing does not differenti-

ate between hourly rates to be charged for different types of services. Respondent relies on the case of *In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1108, 421 N.E.2d 1308, *appeal denied* (1981), 85 Ill. 2d 563, where the court stated that "[n]ormally fees granted in a divorce case are based on a separate hourly rate for court time and office time in recognition of the greater expertise required of the former." (96 Ill. App. 3d 1108, 1118.) Further, respondent argues, the hourly rate which the court allowed for the attorney's time amounted to $102 per hour, which he believes is excessive.

As respondent notes, the fact that the awards which he is disputing are for temporary fees does not lessen the burden which petitioner has in proving her case. (*In re Marriage of Edelberg* (1982), 105 Ill. App. 3d 407, 411, 434 N.E.2d 440.) However, an examination of the record reveals that at the hearing on fees for petitioner's attorneys, the expertise of the attorneys was testified to; each attorney testified as to the hourly rate he charges and that each had in fact rendered the services specified; the motion judge stated that he was acquainted with the case and that the parties were "litigious people" requiring their attorneys' frequent presence in court; respondent's 1980 gross income as a physician was $125,000 and his 1981 gross income was approximately $135,000; and that petitioner was not employed but dependent upon the monies which respondent was ordered to pay as temporary maintenance.

▮▮ ▮ A review of case law indicates that the trial court correctly considered the relevant factors in deciding whether the amount of attorney fees was reasonable. (See, *e.g., In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078, 1093, 412 N.E.2d 1336, *appeal denied* (1981), 83 Ill. 2d 575.) The amount of attorney fees awarded should be only in such an amount as will compensate for services rendered, and those services must have been reasonably required and necessary to the case. (*Gasperini v. Gasperini* (1978), 57 Ill. App. 3d 578, 582, 373 N.E.2d 576.) In the instant case, the trial court specifically stated that it had no evidence that any of the work done by the attorneys was not required. As to the argument that both itemizations supplied by petitioner's attorneys and child's representative do not specify differing hourly rates for in-court versus office time, we acknowledge that it would be preferable if the attorneys had done so.[1] (See *Donnelley v.*

---

[1] As determined from the requests for attorney fees contained in the record, petitioner's attorneys spent, at a maximum, 23½ hours in court out of a total of 113½ hours billed and the child's representative spent 9½ hours in court out of 23 hours billed.

*Donnelley* (1980), 80 Ill. App. 3d 597, 603, 400 N.E.2d 56.) However, the trial court determined the rates charged were reasonable and the work performed necessary; thus, we find no reason to disturb the awards of fees.

■ We note that it is sufficient to support an award of fees if the party seeking the fees would be stripped of her financial resources if required to pay. (*Christian v. Christian* (1979), 69 Ill. App. 3d 450, 458, 387 N.E.2d 1254, *appeal denied* (1979), 75 Ill. 2d 589.) In this case, respondent's gross income for 1981 was $135,000 and petitioner has no income of her own. We conclude that based upon the relative financial status of each party, the trial court correctly ordered respondent to pay petitioner's attorney fees and that the fees were not unreasonable.

For the reasons stated above, we affirm the orders of the circuit court of Cook County.

Affirmed.

STAMOS and HARTMAN, JJ., concur.