June 16, 1999

NO. 5-98-0167

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

In re
 MARRIAGE OF                    )  Appeal from the

                                     )  Circuit Court of

MICHAEL H. McGUIRE,                  )  Williamson County.  

                                     )  

     Petitioner-Appellee,            )   

and                                  )  No. 96-D-361

                                     )

CAROL SUE McGUIRE,                   )  Honorable

                                     )  William H. Wilson, 

     Respondent-Appellant.           )  Judge, presiding.  

_________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:  

Respondent appeals from a judgment of dissolution entered in the circuit court of Williamson County on February 20, 1998.  On appeal, respondent claims that the trial court abused its discretion in failing to award her attorney fees.

The facts pertinent to this appeal are as follows.  Petitioner, Michael McGuire, and respondent, Carol Sue McGuire, were married on November 30, 1975, in Salem, Illinois.  During the course of the marriage, the parties had one child and adopted another.  Neither child was a minor or a dependent at the time the dissolution was commenced.  

Petitioner worked as a sales representative for Grocery Supply Company.  His monthly gross income was approximately $4,800.  At the time of trial, he was 47 years old and was in good health. Respondent was self-employed in her own interior decorating business, A Touch of Class.  She has been involved in that business since 1979.  Respondent reported gross receipts of $58,635 in 1994, $98,273 in 1995, $58,801 in 1996, and $26,138 through 11 months in 1997.  Respondent attributed the recent decline in her business to ongoing health conditions that flared up in the fall of 1996.  Respondent, also 47 years old, sustained neck and back injuries as a result of auto accidents in 1986 and 1989.  She was diagnosed with an arthritic condition, fibromyalgia, in the late 1980s.  She also suffered from anxiety and depression and had been treated on and off for this condition since 1985.  

On September 26, 1996, petitioner filed a petition to dissolve the marriage.  On October 5, 1996, respondent filed a counterpetition.  The trial was held on December 20, 1997.  The judgment of dissolution of marriage was entered on February 20, 1998.   

Respondent claims that the trial court abused its discretion in refusing to award her attorney fees pursuant to section 503(j) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/503(j) (West 1996)).  Specifically, respondent claims that the trial court failed to consider the factors referenced in section 503(j)(2) of the Act (750 ILCS 5/503(j)(2) (West 1996)).  Section 503(j) is a new provision that was added when the legislature amended the Act in 1997 (750 ILCS 5/503(j) (West 1996)).  Respondent claims that section 503(j) marks a significant departure from the previous method of determining attorney fees in dissolution cases.       

Prior to the 1997 amendments, section 508 of the Act governed the award of attorney fees and final fee petitions (
i.e.
, whether attorney fees are reasonable and necessary) in dissolution cases.  750 ILCS 5/508 (West 1992).  Under the former provisions of section 508(a), the court, after due notice and hearing, and after considering the financial resources of the parties, could enter an order requiring any party to pay a reasonable amount for his own costs and attorney fees and for the costs and attorney fees necessarily incurred by the opposing party.  750 ILCS 5/508(a) (West 1992).  

The legislature decided that petitions for contributions to attorney fees and petitions for approval of final fees should be considered in separate and distinct proceedings.  One purpose of this legislation was to reduce the potential for conflicts of interest between attorneys and their clients and for infringement upon the attorney-client privilege in cases where attorney fees became an issue.  In 1997, the legislature revised a number of provisions in the Act, including provisions governing attorney fees.  See 750 ILCS 5/503(j), 508 (West 1996).  

Section 508(a), as amended, states in pertinent part as follows:

"The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees.  ***  At the conclusion of the case, contribution to attorney's fees and costs may be awarded from the opposing party, in accordance with subsection (j) of Section 503.  Fees and costs may be awarded to counsel from a former client in accordance with subsection (c) of this Section."  750 ILCS 5/508 (West  1996).

Section 503(j) provides in pertinent part as follows:

"(j)  After proofs have closed in the final hearing on all other issues between the parties (or in conjunction with the final hearing, if all parties so stipulate) and before judgment is entered, a party's petition for contribution to fees and costs incurred in the proceeding shall be heard and decided, in accordance with the following provisions:

(1)  A petition for contribution, if not filed before the final hearing on other issues between the parties, shall be filed no later than 30 days after the closing of proofs in the final hearing or within such other period as the court orders.

(2)  Any award of contribution to one party from the other party shall be based on the criteria for division of marital property under this Section 503 and, if maintenance has been awarded, on the criteria for an award of maintenance under Section 504.   

(3)  The filing of a petition for contribution shall not be deemed to constitute a waiver of the attorney-

client privilege between the petitioning party and current or former counsel; and such a waiver shall not constitute a prerequisite to a hearing for contribution.  If either party's presentation on contribution, however, includes evidence within the scope of the attorney-client privilege, the disclosure or disclosures shall be narrowly construed and shall not be deemed by the court to constitute a  general waiver of the privilege as to matters beyond the scope of the presentation. 

(4)  No finding on which a contribution award is based or denied shall be asserted against counsel or former counsel for purposes of any hearing under subsection (c) or (e) of Section 508."  750 ILCS 5/503(j) (West 1996).

In our view, the amendments to section 508(a) and the addition of section 503(j) do not constitute substantive changes.  Rather, these amendments alter the procedures by which issues regarding attorney fees are presented and heard in dissolution cases.  According to the 1997 amendments, final fee petitions are still governed by the provisions of section 508, but petitions for contribution are governed by the provisions of section 503(j).  Judicial discretion in the determination of whether and how much to award as attorney fees was neither eliminated nor diluted by these amendments.  See 750 ILCS 5/508(a) (West 1996).

Respondent contends that section 503(j) marks a significant departure from the previous method of awarding attorney fees because it requires any award of attorney fees from one party to another to be based upon the criteria for the division of marital property under section 503(d) and, if applicable, the criteria for an award of maintenance under section 504 (750 ILCS 5/504 (West 1996)).  Respondent contends that such criteria "have never, previously, either by statute or case law, been incorporated into the attorney’s fee analysis in dissolution cases".  

We do not agree.  Courts have considered the allocation of assets and liabilities, the award of maintenance, and the relative earning abilities of the parties when determining whether one party should contribute toward the payment of the other party's attorney fees.  See 
In re Marriage of Carr
, 221 Ill. App. 3d 609, 582 N.E.2d 752 (1991);  
In re Marriage of Krivi
, 283 Ill. App. 3d 772, 670 N.E.2d 1162 (1996);  
In re Marriage of Carpenter
, 286 Ill. App. 3d 969, 677 N.E.2d 463 (1997).  Although section 503(j) establishes new procedures for seeking contribution for the payment of  attorney fees, the criteria referenced therein are not new.  The legislation merely codifies the criteria that trial courts and courts of review have always considered in determining whether to award attorney fees and in what proportion.  

Having determined that the legislative changes to section 508(a) and the addition of section 503(j) are not substantive in nature, we must now decide whether the trial court abused its discretion in denying respondent's claim for attorney fees.  

As a general rule, attorney fees are the primary responsibility of the party for whom the services are rendered.  See 
In re Marriage of Krivi
, 283 Ill. App. 3d 772, 670 N.E.2d 1162.  When determining an award of attorney fees, the allocation of assets and liabilities, maintenance, and the relative earning abilities of the parties should be considered.  See 
In re Marriage of Carr
, 221 Ill. App. 3d 609, 582 N.E.2d 752.  A party seeking an award of attorney fees must show that he or she is unable to pay those fees and the other party is able to do so.  See 
In re Marriage of Krivi
, 283 Ill. App. 3d 772, 670 N.E.2d 1162; 
In re Marriage of Holder
, 137 Ill. App. 3d 596, 484 N.E.2d 485 (1985). Whether the attorney fees of one spouse should be paid by the other spouse, and in what proportion, is a decision that lies within the sound discretion of the trial court, and that decision will not be disturbed absent an abuse of that discretion.  See 
In re Marriage of Carr
, 221 Ill. App. 3d 609, 582 N.E.2d 752.  An abuse of discretion can be shown in cases where the evidence reveals a gross disparity in income and earning capacity and the financial inability of the spouse seeking relief to pay.  See 
In re Marriage of Carpenter
, 286 Ill. App. 3d 969, 677 N.E.2d 463.

 Respondent contends that if the court had considered the same factors in determining her petition for contribution as it had in deciding the issues of marital property distribution and maintenance, the court would have awarded her attorney fees.  Respondent finds it "incongruous" that the trial court could find that she was sufficiently financially disadvantaged to be entitled to an award of maintenance and a "disproportionate" share of marital property yet was not entitled to attorney fees.  

The record demonstrates that respondent did not meet her burden to show that she was unable to pay her attorney fees and that the petitioner was able to pay them.  We do not believe that a party can satisfy this burden merely by showing that the court awarded him or her maintenance or a greater portion of marital property.  Financial inability exists where payment would undermine the economic stability of the spouse incurring the debt.  See 
In re Marriage of Krivi
, 283 Ill. App. 3d 772, 670 N.E.2d 1162.  

Respondent's attorney has claimed legal fees in excess of  $10,000.  Based upon the evidence submitted during the trial, the respondent is certainly capable of generating significant income.  She recorded earnings of $58,635 in 1994, $98,273 in 1995, $58,801 in 1996, and $26,138 through 11 months in 1997.  Respondent claims that her ability to generate income has decreased since late 1996 due to an aggravation of her fibromyalgia condition and recurrent depression.  The trial court apparently found that respondent's condition was aggravated by the stress of the divorce and would improve.  This finding is supported in the record.  Respondent has not been treated for her physical complaints in recent years.  She is on no prescription medications.  She started treating with a psychologist shortly after she separated from petitioner.  We note that respondent was diagnosed with fibromyalgia and depression prior to 1990.  Yet, in the recent past, she demonstrated an ability to generate significant income in spite of these medical conditions.  

 Further, respondent has not demonstrated that petitioner is in any better position to pay her attorney fees.  Petitioner has earned $39,700 in 1994, $45,000 in 1995, $46,000 in 1996, and $53,000 through 11 months in 1997.  This is not a case where there is a gross disparity in the abilities of each party to generate income.  We note that petitioner was saddled with more of the marital debt than respondent.  After deducting petitioner's necessary monthly expenses and the monthly payments on the marital debt from his monthly income, there is little money left over.  Based upon the evidence, the trial court could have determined that another debt would undermine petitioner's economic stability.           It is apparent that neither party is in a strong financial position.  In fact, it is likely that both parties will struggle to pay their respective attorney bills.  To award attorney fees to either party in that case may be an abuse of discretion.  See 
In re Marriage of Krivi
, 283 Ill. App. 3d 772, 670 N.E.2d 1162.  Though we recognize that respondent may be required to make some sacrifices in order to pay her attorney fees, she has not proven that her economic stability will be undermined if she is required to pay her attorney fees.  Based upon this record, we find no abuse of discretion in the trial court’s refusal to order petitioner to pay respondent's attorney fees.  

Respondent also claims that the trial court abused its discretion in failing to award her attorney fees pursuant to section 508(b) of the Act (750 ILCS 5/508(b) (West 1996)).

Section 508(b) states in pertinent part as follows: 

"In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay the costs and reasonable attorney fees of the prevailing party."  750 ILCS 5/508(b) (West 1996).

Respondent notes that section 508(b) was also amended in 1997.  The legislature added the modifier "compelling" to the phrase "without cause or justification".  See 750 ILCS 508(b) (West 1996).  Respondent contends that by adding the word "compelling", the legislature intended to require a party offering justification for noncompliance with a court order to demonstrate overwhelming, forceful, and irresistible justification in order to avoid an award of attorney fees.  Respondent contends that petitioner did not have a compelling justification for failing to pay interim  maintenance pursuant to the court's order.

According to the judgment, the trial court entered an order requiring petitioner to pay $3,500 in unpaid temporary maintenance and interest.  The trial court found that petitioner was not in contempt of the court's order of interim maintenance.  Although the court did not comment on whether it found a compelling justification, the court, exercising its discretion, ordered each party to pay his or her own attorney fees and costs. 

Generally, courts have broad discretion in determining whether to grant attorney fees in dissolution proceedings.   However, when a party's failure to comply with an order is without cause or justification, an award of reasonable attorney fees and costs is mandatory.  See 
In re Marriage of Baggett
, 281 Ill. App. 3d 34, 666 N.E.2d 850 (1996).  It is within the court's discretion to decide whether the delinquent spouse's failure to pay maintenance was "without cause or justification".  See 
In re Matter of Wassom
, 165 Ill. App. 3d 1076, 519 N.E.2d 1147 (1988); 
In re Marriage of Dieter
, 271 Ill. App. 181, 648 N.E.2d 304 (1995).  Under section 508(b), if a party to a dissolution does not fulfill a condition imposed upon him or her by an order, the burden is on that party to produce evidence of cause or justification.  See 
In re Marriage of Baggett
, 281 Ill. App. 3d 34, 666 N.E.2d 850 (1996); 750 ILCS 5/508(b) (West 1994).  According to section 508(b), as amended, the noncompliant party is required to demonstrate compelling cause or justification.  750 ILCS 508(b) (West 1996).  

In this case, petitioner offered evidence of his cause or justification.  Petitioner paid temporary maintenance in the sum of $500 per month through June of 1997.  He testified that he stopped paying because he was not making enough money to pay the debts and maintenance.  According to his testimony, petitioner was paying over $2,200, including paying the mortgage on the marital home, joint credit cards, other marital debt, and car payments.  This sum does not include his own housing, utilities, insurance, and gas.  During the pendency of these proceedings, a balloon note came due. Petitioner testified that the bank worked with him for a period of time but refused to renew the note after the court date was continued for the third time.  The bank required him to begin payments of $290.83 per month.  We note that respondent's attorney was responsible for continuing the trial from its settings in June 1997 and September 1997.  The trial court continued the case twice in July due to petitioner's attorney’s illness and the court's own docket.  Petitioner testified that he knew he would be required to pay respondent what he owed under the court's order and that he was not trying to "beat her out of any money".     

Here, the trial court did not hold petitioner in contempt.  In its discretion, the court held that each party was responsible for his or her own attorney fees.  Based upon this record, we do not find that the trial court abused its discretion in refusing to award attorney fees on the rule to show cause petition. 
Elliott v. Elliott
, 137 Ill. App. 3d 277, 484 N.E.2d 482 (1985).  There is no evidence that petitioner was living an extravagant lifestyle or willfully incurring additional debt.  Petitioner stopped paying maintenance only after his further attempts to stave off a creditor failed.  This was not a case where his economic circumstances were self-imposed.  There was evidence that uninvited continuances added to his dilemma.  Under these circumstances, the trial court could have found that petitioner believed he had no choice when faced with demands from outside creditors.        

 Petitioner's unilateral decision to stop paying maintenance was unwise and certainly improper.  Based upon the cold record in this case, we are unable to fault the trial court’s exercise of its discretion.  Here, we find that the trial court was in the best position to judge petitioner's demeanor, his economic circumstances, and his reasons for failing to comply with the court's order.  We will not substitute our judgment for that of the trial court.  Whether petitioner's justification was compelling under the unique circumstances of this case was a decision within the discretion of the trial court.  We find no abuse of discretion.

Accordingly, the judgment is affirmed.

Affirmed.

HOPKINS and KUEHN, JJ., concur.

NO. 5-98-0167

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

In re
 MARRIAGE OF                    )  Appeal from the

                                     )  Circuit Court of

MICHAEL H. McGUIRE,                  )  Williamson County.  

                                     )  

     Petitioner-Appellee,            )   

and                                  )  No. 96-D-361

                                     )

CAROL SUE McGUIRE,                   )  Honorable

                                     )  William H. Wilson, 

     Respondent-Appellant.           )  Judge, presiding.  

___________________________________________________________________________

Opinion Filed:
 June 16, 1999

___________________________________________________________________________

Justices
: Honorable Gordon E. Maag, J.

Honorable Terrence J. Hopkins, J., and

Honorable Clyde L. Kuehn, J.,

Concur

___________________________________________________________________________

Attorney
 Law Offices of Morris Lane Harvey, 2029 Broadway,

for
 Mt. Vernon, IL 62864

Appellant
 

___________________________________________________________________________

Attorney
 Edward J. Kionka, 218 Lesar Law Building, P.O. Box 10,

for
 Carbondale, IL 62903

Appellee
 

___________________________________________________________________________