THIRD DIVISION

December 18, 2002

No. 1-02-0525

In re
 MARRIAGE OF )

ALICE KING, ) Appeal from the

Petitioner,      
 ) Circuit Court

and )
 Cook County
.

) 

SAMUEL KING, )

Respondent,
 ) 

)

(Muller Law Firm, )

Plaintiff,
 )

)

)

Samuel King, )

Defendant-Appellee, ) Honorable

) James G. Donegan,

(Kenneth Swiatek, James Finnegan and
 
 ) 
Judge Presiding

Francisco Javier Iniguez,
 )

)

Levy Sale Purchasers-Appellants)). )

PRESIDING JUSTICE SOUTH delivered the opinion of the court:

In the underlying action, Alice King, who is not a party to this appeal, filed a petition for dissolution of marriage from her husband of 56 years, Samuel King (appellee).  The Muller Law Firm filed an appearance on behalf of appellee in the dissolution proceedings.  The Muller Law Firm subsequently filed a motion to withdraw from representing appellee, which was granted on July 31, 1998, and appellee proceeded 
pro se
.  The court also granted the Muller Law Firm leave to file a petition for setting final fees.

On January 5, 1999, the trial court entered an order pertaining to the petition for attorney fees which reads in pertinent part:

"Judgement is entered in favor of the Muller Firm, Ltd. and against Samuel King in the amount of $4,380.00 including costs for reasonable and necessary attorney's fees in connection with this litigation, with no just cause existing to delay appeal or enforcement hereof.  Said sum shall be paid directly to the Muller Firm Ltd. from one of Mr. King's bank accounts currently restrained***."

One month later, on February 5, 1999,
 a judgment for dissolution of marriage was entered.  The order allocated all of the marital property, with the marital residence going to appellee.  With regard to attorney fees, the judgment read in pertinent part with the following stricken words:

"8.2 The Court entered Judgment against Samuel King and in favor of The Muller Firm on January 5, 1999 in the amount of 
$4700.00
 $4,380.00.  Said sum shall be paid 
out of the accounts listed in Section 2.2(a)
 out of, Samuel King's assets."

On February 9, 1999, the Muller Law Firm filed a citation to discover assets with several of appellees banking institutions and recorded the trial court's order of January 5, 1999, with the Cook County recorder of deeds so as to create a lien against appellee's home.  On April 14, 2000, the Muller Law Firm presented to the Cook County sheriff a direction to levy appellee's property to be sold to satisfy the $4,350 judgment.  A levy was issued on appellee's property bearing a date stamp of April 13, 1999.  At the time the levy was issued, appellee's home had an  appraisal value of $80,000.

On September 7, 2000, the sale of appellee's property was conducted.  The Muller Law Firm placed a bid of $25,000.  The second highest bid was made by Kenneth Swiatek for $23,300.  Swiatek, James Finnegan and Francisco Javier Iniguez are the appellants in this case.  Appellants' bid was ultimately accepted, a certificate of purchase was issued on September 15, 2000, and an assignment of certificate of sale was issued to appellants on December 7, 2000.  On March 9, 2001, a deed was issued to appellants following the expiration of the redemption period.

Appellee subsequently sought legal representation and Kimberly Anderson filed a petition to vacate the sheriff's sale on behalf of appellee, which was denied on August 29, 2001.  On September 19, 2001, the probate division appointed the Cook County public guardian as temporary guardian of appellee's estate and assets.  On September 27, 2001, the public guardian appeared on appellee's behalf and filed a motion to reconsider the trial court's denial of appellee's petition to vacate the sheriff's sale.  In addition to arguing that appellee was mentally and physically impaired, the public guardian also argued that the January 5
 order required that the $4,380 judgment be satisfied from appellee's bank accounts instead of by means of placing a levy on his home; that the notice of levy was not posted in three public places pursuant to section 12-115 of the Code of Civil Procedure (Code) (735 ILCS 5/12-115 (West 2000)); that the report of commissioners was not signed under oath pursuant to sections 12-910 and 12-911 of the Code (735 ILCS 5/12-910, 12-911 (West 2000)); that the certificate of sale was not sold to the highest bidder; that the sale was never approved by the court pursuant to sections 12-144.5 and 12-145 of the Code (735 ILCS 5/12-144.5, 12-145 (West 2000)); that the levy reflects inconsistent dates; and finally, that there are two inconsistent receipts of sale, which are unsigned and undated and do not include a bid amount or the resulting surplus to which appellee is entitled.

After a hearing on appellee's motion to reconsider was held, the trial court entered an order granting appellee's motion on November 19, 2001.  Appellants filed a motion to reconsider the trial court's order, which was denied on January 23, 2002.  In their notice of appeal, appellants request the reversal of the trial court's November 19
 order granting the public guardian's motion to reconsider, and the court's order of January 23, 2002, denying appellants' motion to reconsider the trial court's order of November 19.

Appellants raise two issues on appeal: (1) whether the portion of the trial court's January 5, 1999, judgment order granting attorney fees to the Muller Law Firm, which purports to limit enforcement of the judgment for attorney fees to certain bank accounts of appellee, is valid or merely surplusage; and (2) whether a hearing pursuant to section 12-144.5 of the Code (735 ILCS 5/12-144.5 (West 2000)), requiring a judicial confirmation of a sale, where no hearing was required under the prior provisions, applies to a sale held prior to the effective date of the statute where the redemption period ended after the statute became effective.  A notice of appeal confers jurisdiction on an appellate court to consider only the judgments or parts thereof specified in the notice of appeal.  
Mimica v. Area Interstate Trucking, Inc
., 250 Ill. App. 3d 423, 425, 620 N.E.2d 1328 (1993).  A notice of appeal is to be liberally construed and an appeal from a subsequent final judgment will draw into question all prior nonfinal rulings and final but nonappealable orders that produced the judgment.  
First National Bank of Elgin v. St. Charles National Bank
, 152 Ill. App. 3d 923, 930, 504 N.E.2d 1257 (1987).  "A notice of appeal need not designate a particular order to confer jurisdiction, as long as the order which is specified directly relates back to the judgment or order from which review is sought."  
Taylor v. Peoples Gas Light & Coke Co.
, 275 Ill. App. 3d 655, 659, 656 N.E.2d 134 (1995).  "An unspecified judgment is reviewable if it is a 'step in the procedural progression leading to the judgment specified in the notice of appeal.' " 
Taylor
, 275 Ill. App. 3d at 659, quoting 
Burtell v. First Charter Service Corp.
, 76 Ill. 2d 427, 435, 394 N.E.2d 380 (1979).

In its notice of appeal, appellants appeal the order of November 19, 2001,
 granting appellee's motion to reconsider.  Therefore, we will address appellants' issues on appeal in the context of the trial court's grant of appellee's motion to reconsider.  

Furthermore, we reject appellee's contention that this case is moot as there is a definite controversy between the various parties.  See 
First National Bank of Waukegan v. Kusper
, 98 Ill. 2d 226, 233-34, 456 N.E.2d 7 (1983) (holding that, under Illinois law, a matter is considered moot when no controversy remains or the issues involved cease to exist, thereby rendering it impossible for the court to grant effective relief to the complaining party).

A motion to reconsider may be brought pursuant to section 2-1203 or 2-1401 of the  Code.  735 ILCS 5/2-1203 (West 1998); 735 ILCS 5/2-1401 (West 2000).   The purpose of a motion to vacate under section 2-1203 is to alert the trial court to errors it has made and to afford an opportunity for their correction.  
In re Marriage of Sanborn
, 78 Ill. App. 3d 146, 396 N.E.2d 1192 (1979).  Whether to grant or deny a motion to reconsider is within the sound discretion of the trial court.  
In re Marriage of Potter
, 88 Ill. App. 3d 606, 609-10, 410 N.E.2d 999 (1980).  Whether a trial court has abused its discretion turns on whether the court's refusal to vacate

" 'violates the moving party's right to fundamental justice and manifests an improper application of discretion.' "  
Harris v. Harris
, 45 Ill. App. 3d 820, 821, 360 N.E.2d 113 (1977), quoting 
Anderson v. Anderson
, 28 Ill. App. 3d 1029, 1034 (1975).

The first issue we consider is whether the language in the January 5, 1999, judgment order granting attorney fees to the Muller Law Firm, which limits enforcement of the judgment for attorney fees to certain bank accounts of appellee, is valid.  Appellants argue that the portion of the trial court's order limiting the award of attorney fees to appellee bank accounts is surplusage and of no effect.  They argue that although the trial court has the authority and discretion to award attorney fees, once those fees are awarded, the trial court lacks the authority to limit how an attorney is entitled to enforce the judgment to obtain those fees.

The trial court's order of January 5
 states in pertinent part: 

"Judgement is entered in favor of the Muller Firm, Ltd. and against Samuel King in the amount of $4,380.00 including costs for reasonable and necessary attorney's fees in connection with this litigation, with no just cause existing to delay appeal or enforcement hereof.  
Said sum shall be paid directly to the Muller Firm Ltd. from one of Mr. King's bank accounts currently restrained
***." (Emphasis added.)

In response, appellee asserts that the trial court's January 5
 order was no longer in existence but was superseded by the trial court's subsequent judgment for dissolution of marriage entered by the trial court on February 5
, and the question of whether the limiting language in the order of January 5
 is surplusage is irrelevant.

In its reply brief on appeal, appellants argue that the trial court's order of January 5
 was  not superseded by the February 5
 order because the January 5
 order was a final judgment that was independent of the February 5
 order.

We agree with appellee's position that the final judgment for dissolution of marriage entered on February 5
 was the final appealable order.            

Cases involving dissolution of marriage proceedings are inherently more problematic upon  appellate review due to the large number of separate issues that are determined in a single proceeding because all of these issues are not decided at the same time.  Therefore, a trial court's inclusion of Rule 304(a) (134 Ill. 2d R. 304(a)) language in an order entered prior to the entry of the judgment for dissolution does not automatically render that order final and appealable.

The request for attorney fees in a dissolution action that has not yet been resolved is not an independent action and must be considered to be part of the overall divorce proceeding.  See 
In re Marriage of Zannis
, 114 Ill. App. 3d 1034, 449 N.E.2d 892 (1983).

In 
In re Marriage of Leopando
, 96 Ill. 2d 114, 449 N.E.2d 137 (1983), the Illinois Supreme Court considered the applicability of Rule 304(a) in dissolution proceedings.  There, in ruling that a custody order was not a separate claim within the meaning of the rule, the Illinois Supreme Court specifically stated that "[a] petition for dissolution advances a 
single claim
; that is, a request for an order dissolving the parties' marriage.  The numerous other issues involved *** are merely questions which are ancillary to the cause of action."  (Emphasis added and omitted.)   
Leopando
, 96 Ill. 2d at 119.  Therefore, the supreme court concluded that until all of the ancillary issues are resolved, the petition for dissolution is not fully adjudicated. 

In 
In re Marriage of Derning
, 117 Ill. App. 3d 620, 453 N.E.2d 90 (1983), the appellate court, relying on 
Leopando
, held that an order of dissolution reserving the allocation of attorney fees was not a final and appealable order.  The court stated that, like a custody order, an attorney fees judgment in a dissolution of marriage case is not a separate claim but is integral to the order dissolving the parties' marriage.  
Derning
, 117 Ill. App. 3d at 627.  The court noted that the parties' liability for attorney fees is similar to their liability for debts incurred during the marriage, in that both must be allocated to the parties before a reviewing court can determine whether the trial court's decision concerning property and maintenance comports with the statutory requirements.  
Derning
, 117 Ill. App. 3d at 627-28.

In 
Zannis
, the appellate court took an appeal from two orders of the trial court denying a petition for attorney fees which was entered before the judgment for dissolution of marriage.  
Zannis
, 114 Ill. App. 3d 1034, 449 N.E.2d 892.  The court noted that pursuant to 
Leopando
, which was decided after the case was filed, "[d]issolution of marriage cases present many questions and issues" to which "[a]ttorney fees are purely collateral."  
Zannis
, 114 Ill. App. 3d at 1037.

Allowing the review of the issue of attorney fees the court stated:

"Case law at the time this appeal was taken allowed for a review of an award for temporary attorney fees before the entire dissolution was decided when, as here, the trial court expressly stated that there was 'no just reason for delaying enforcement or appeal.' " 114 Ill. App. 3d at 1037.

Based upon the established precedent, we hold that the trial court's order of January 5
 was not an independent order, distinct from the final judgment for dissolution entered on February 5
.

We do realize that as recently as 1997, the legislature amended sections of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508 (West 1998)) pertaining to contributions for attorney fees and petitions for approval of final fees requiring that they be considered in separate and distinct proceedings.   However, in 
In re Marriage of McGuire
, 305 Ill. App. 3d 474, 477, 712 N.E.2d 411 (1999), we noted that one purpose of this legislation was to reduce the potential for conflicts of interest between attorneys and their clients and for infringement upon the attorney-client privilege in cases where attorney fees became an issue.  
McGuire
, 305 Ill. App. 3d at 477.  The court reasoned that any amendments to section 508(a) of the Act did not constitute substantive changes but altered the procedures by which issues regarding attorney fees are presented and heard in dissolution cases.  
McGuire
, 305 Ill. App. 3d at 478.

 Relying on 
McGuire
, the court in 
Marriage of Suriano
, 324 Ill. App. 3d 839, 847, 756 N.E.2d 382 (2001), stated that section 508(c) becomes pertinent in a 
final
 determination only 
after a judgment for dissolution of marriage
 awards contribution for attorney fees to the petitioning party.

Appellants' argument that the trial court's ability to subsequently revoke or change a fee award in dissolution proceedings is an impairment of property rights is contrary to the legislative intent behind the act allowing the trial court broad discretion under the act prior to the entry of a final judgment for dissolution of marriage.

Our holding in 
In re Marriage of Tetzlaff
, 304 Ill. App. 3d 1030, 711 N.E.2d 346 (1999), is instructive.  In 
Tetzlaff
, the court entered an order awarding the wife's counsel interim attorney fees prior to the final judgment for dissolution was entered.  
Tetzlaff
, 304 Ill. App. 3d at 1031.  The court subsequently entered an order requiring the withdrawing attorneys to place $35,000 of the $65,000 award into an escrow account for successor attorneys. The withdrawing attorneys filed an interlocutory appeal.  
Tetzlaff
, 304 Ill. App. 3d at 1031.  

Relying on 
Leopando
, the 
Tetzlaff
 court held that the trial court's order was not subject to an interlocutory appeal because "the Act discourages piecemeal appeals in the absence of some compelling reason."  
Tetzlaff
, 304 Ill. App. 3d at 1039.

In this case, the order entered by the trial court on January 5
 was interlocutory in nature and was not final nor appealable until the judgment for dissolution of marriage between the parties was entered.  To conclude that the January 5
 order was independent of the entire dissolution proceeding is contrary to legislative intent and well-established case law.

Interestingly enough, although the court instructed the Muller Firm to facilitate payment of the attorney fees within 14 days from that order, the firm did not take any action to collect those fees until February 9
, four days 
after 
the judgment for dissolution was entered.  The portion of the judgment for dissolution 
of marriage relating to attorney fees states in pertinent part:

"8.2 The Court entered Judgment against Samuel King and in favor of The Muller Firm on January 5, 1999 in the amount of 
$4700.00
 $4,380.00.  Said sum shall be paid 
out of the accounts
 
listed in Section 2.2(a)
 out of, Samuel King's assets."

The trial court made specific reference to the January 5
 order and incorporated that order into this final order.  Based upon the foregoing, we find that the February 5
 order was the final and appealable order and supersedes any other orders entered by the trial court.

We must note that appellee makes a contradictory argument that upon review we should rely on the portion of the court's order that requires payment of the attorney fees only from certain delineated bank accounts.  We hold that to the extent that the language in the judgment for dissolution of marriage order controls the award of attorney fees itself
, that order specifically authorizes payment of fees from any of "Samuel King's 
assets
."  (Emphasis added.)  In fact, the language in the February order that would have restricted payments to certain accounts – "Said sum shall be paid 
out of the accounts
 
listed in Section 2.2(a)
" – was stricken.  We can only conclude that the court intended to enter a final order allowing the payment of the attorney fees from 
any asset
 appellee possessed, including the marital home.

The second issue on appeal is whether section 144.5 of the Code, effective January 1, 2001, which requires a hearing to confirm the sale, applies to the sale of appellee's property.  

We find it unnecessary to address this issue.  Upon review of the record, appellee's motion to reconsider was based upon eight irregularities involving the sale of this property.  As appellee maintains, it is true that while appellants appealed from the trial court's order granting appellee's motion to reconsider based upon all of these irregularities, appellants only address two of these irregularities in their appellate brief.  However, we decline to apply the doctrine of waiver in this case.

Normally, issues raised in the notice of appeal but not raised or argued before the appellate court are deemed waived.  
Kincaid v. Ames Department Stores, Inc.
, 283 Ill. App. 3d 555, 570, 670 N.E.2d 1103 (1996).   However, this court has interpreted the rule of waiver as an admonition to the parties and not a limitation on the jurisdiction of reviewing courts.  
In re C.R.H.
, 163 Ill. 2d 263, 274, 644 N.E.2d 1153 (1994);  
Hux v. Raben
, 38 Ill. 2d 223, 224-25, 230 N.E.2d 831 (1967); see 
Dineen v. City of Chicago
, 125 Ill. 2d 248, 265-66, 531 N.E.2d 347 (1988).  In this regard, the supreme court has stated that a reviewing court may, in furtherance of its responsibility to provide a just result, override considerations of waiver.  
Welch v. Johnson
, 147 Ill. 2d 40, 48, 588 N.E.2d 1119 (1992);  
In re Marriage of Sutton
, 136 Ill. 2d 441, 446, 557 N.E.2d 869 (1990);  
Hux
, 38 Ill. 2d at 225, 230 N.E.2d 831.  This interpretation is supported by Supreme Court Rule 366(a)(5), which deals with the powers of a reviewing court and the scope of review.  134 Ill. 2d  R. 366(a)(5).  Rule 366(a)(5) provides that a reviewing court has the authority to "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require."  134 Ill. 2d R. 366(a)(5).

The Illinois Supreme Court has also stated that "judgment may be sustained upon any ground warranted, regardless of whether it was relied on by the trial court and regardless of whether the reason given by the trial court was correct."  
Material Service Corp. v. Department of
 
Revenue
, 98 Ill. 2d 382, 387, 457 N.E.2d 9 (1983); see also 
Estate of Johnson v. Condell Memorial Hospital
, 119 Ill. 2d 496, 502, 520 N.E.2d 37 (1988).  We find it necessary to do so in this case.

Although the trial court granted appellee's motion to reconsider based upon all of the irregularities involved in the sheriff's sale, it primarily based its ruling upon the fact that "an officer of the court prepared a memorandum of judgment that said he had a certain judgment against a party that he didn't have."

The record in this case indicates that the lien against appellee's property was recorded based upon the trial court's January 5
 order.  Section 12-101 requires that the lien be recorded with the final judgment.  As previously discussed, the January 5
 order was not final and appealable but was merely interlocutory in nature.  The final judgment was the order of judgment for dissolution entered on February 5
.  If the order upon which appellants sought to create a lien was not a final judgment and essentially merged into the final judgment, a valid lien was never created.  See 
Armstrong v. Obucino
, 300 Ill. 140, 133 N.E. 58 (1921) (where a court, after acquiring jurisdiction, has assumed to enter a decree for a sale which goes beyond the limits of the jurisdiction and transgresses the law, the decree is void, and the sale based thereon is likewise an absolute nullity);  
City of Chicago v. Central National Bank
, 134 Ill. App. 3d 22, 479 N.E.2d 1040 (1985) (where the judgment is void, a judicial sale held pursuant to that judgment is also void).

Based upon the foregoing analysis, the judgment of the circuit court is affirmed.

Affirmed.

HOFFMAN and WOLFSON, JJ., concur.