*In re* MARRIAGE OF JANNA D. TETZLAFF, Petitioner, and THEODORE TETZLAFF, Respondent-Appellee (Nottage and Ward, Appellant).

First District (6th Division)   No. 1—98—3470

Opinion filed April 23, 1999.

Steven R. Merican, P.C., of Naperville (Steven R. Merican, of counsel), for appellant.

Schiller, DuCanto & Fleck (Donald Schiller, of counsel), and Jenner & Block (James H. Feldman, of counsel), both of Chicago, for appellee.

JUSTICE QUINN delivered the opinion of the court:

This is an appeal from an order of the circuit court directing petitioner's counsel, Nottage and Ward, to place $35,000 of a $65,000 interim attorney fee award into an escrow account. Nottage and Ward contends that: (1) the circuit court violated section 501(c—1) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/501(c—1) (West 1996)) and abused its general and equitable powers by ordering the law firm to place attorney fees that had been awarded pursuant to an interim fee petition into escrow for the benefit of successor counsel. We hold that court orders awarding interim attorney fees pursuant to section 501(c—1) of the Act are not subject to interlocutory appeal under Supreme Court Rule 307 (155 Ill. 2d R. 307), and therefore the appeal must be dismissed for lack of jurisdiction.

After 17 years of marriage, petitioner, Janna Tetzlaff, filed a petition for dissolution of marriage on February 11, 1997. Petitioner is a licensed attorney. Respondent, Theodore Tetzlaff, is also an attorney and partner with the firm of Jenner and Block. Petitioner and respondent have three children and have acquired an extensive list of marital property.

On April 28, 1997, Nottage and Ward, counsel representing petitioner in the dissolution action, filed a petition for temporary and prospective attorney fees, stating that as of April 28, 1997, the law firm was owed $35,223.40 for services rendered and estimating that, in order to complete the factual investigation in the case, services were estimated to cost $50,000, which Nottage and Ward requested as prospective fees. Nottage and Ward filed an amended petition for interim attorney fees on June 30, 1997, and indicated that as of May

30, 1997, the total amount owed for services rendered was $66,942,92. Nottage and Ward also requested prospective fees in the amount of $25,000 in order to retain an expert to perform a valuation of assets.

On June 1, 1997, the "leveling the playing field" amendments to the Act became effective and, *inter alia*, changed the method of petitioning for interim fees and the procedure that the court must follow in awarding such fees. 750 ILCS 5/501 *et seq.* (West 1996).

Section 501 provides:

"§ 501. Temporary Relief. In all proceedings under this Act, temporary relief shall be as follows:

* * *

(c—1) As used in this subsection (c—1), 'interim attorney fees and costs' means attorney's fees and costs assessed from time to time while a case is pending, in favor of the petitioning party's current counsel, for reasonable fees and costs either already incurred or to be incurred, and 'interim award' means an award of interim attorney's fees and costs. Interim awards shall be governed by the following:

(1) Except for good cause shown, a proceeding for (or relating to) interim attorney's fees and costs shall be nonevidentiary, summary in nature, and expeditious. When a party files a petition for interim attorney's fees and costs supported by one or more affidavits that delineate relevant factors, the court (or a hearing officer) shall assess an interim award after affording the opposing party a reasonable opportunity to file a responsive pleading. A responsive pleading shall set out the amount of each retainer or other payment or payments, or both, previously paid to the responding party's counsel by or on behalf of the responding party. In assessing an interim award, the court shall consider all relevant factors, as presented, that appear reasonable and necessary, including:

(A) the income and property of each party, including alleged marital property within the sole control of one party and alleged non-marital property within access to a party;

(B) the needs of each party;

(C) the realistic earning capacity of each party;

(D) any impairment to present earning capacity of either party, including age and physical and emotional health;

(E) the standard of living established during the marriage;

(F) the degree of complexity of the issues, including custody, valuation, or division (or both) of closely held

businesses, and tax planning, as well as reasonable needs for expert investigations or expert witnesses or both;

(G) each party's access to relevant information;

(H) the amount of the payment or payments made or reasonably expected to be made to the attorney for the other party; and

(I) any other factor that the court expressly finds to be just and equitable.

(2) Any assessment of an interim award (including one pursuant to an agreed order) shall be without prejudice to any final allocation and without prejudice as to any claim or right of either party or any counsel of record at the time of the award. Any such claim or right may be presented by the appropriate party or counsel at a hearing on contribution under subsection (j) of Section 503 or a hearing on counsel's fees under subsection (c) of Section 508. Unless otherwise ordered by the court at the final hearing between the parties or in a hearing under subsection (j) of Section 503 or subsection (c) of Section 508, interim awards, as well as the aggregate of all other payments by each party to counsel and related payments to third parties, shall be deemed to have been advances from the parties' marital estate. Any portion of any interim award constituting an overpayment shall be remitted back to the appropriate party or parties, or, alternatively, to successor counsel, as the court determines and directs, after notice.

(3) In any proceedings under this subsection (c—1), the court (or hearing officer) shall assess an interim award against an opposing party in an amount necessary to enable the petitioning party to participate adequately in the litigation, upon findings that the party from whom attorney's fees and costs are sought has the financial ability to pay reasonable amounts and that the party seeking attorney's fees and costs lacks sufficient access to assets or income to pay reasonable amounts. In determining an award, the court shall consider whether adequate participation in the litigation requires expenditure of more fees and costs for a party that is not in control of assets or relevant information. Except for good cause shown, an interim award shall not be less than payments made or reasonably expected to be made to the counsel for the other party. If the court finds that both parties lack financial ability or access to assets or income for reasonable attorney's fees and costs, the court (or hearing officer) shall enter an order that allocates available funds for each party's counsel, including retainers or interim payments, or both, previously paid, in a manner that achieves substantial parity between the parties.

(4) The changes to this Section 501 made by this amendatory Act of 1996 apply to cases pending on or after June 1, 1997, except as otherwise provided in Section 508.

(d) A temporary order entered under this Section:

(1) does not prejudice the rights of the parties or the child which are to be adjudicated at subsequent hearings in the proceeding;

(2) may be revoked or modified before final judgment, on a showing by affidavit, and upon hearing; and

(3) terminates when the final judgment is entered or when the petition for dissolution of marriage or legal separation or declaration of invalidity of marriage is dismissed." 750 ILCS 5/501 (West 1996).

The court granted petitioner's request for leave to file an amended petition for interim attorney fees in light of the new law. Nottage and Ward filed an affidavit on August 22, 1997, in which it averred that as of June 30, 1997, the balance of fees due was $86,469. Nottage and Ward filed another affidavit in September 1997 averring that as of August 31, 1997, the balance of fees due was $169,539.80. On September 30, 1997, the court, without holding an evidentiary hearing, ordered respondent to pay petitioner's interim attorney fees in the amount of $121,060.90 within 30 days.

On October 30, 1997, respondent filed a motion for reconsideration of the September 30 order awarding interim attorney fees, arguing that he was entitled to an evidentiary hearing before fees could be awarded under section 501 of the Act. Petitioner then filed a petition for rule to show cause and also requested a finding of contempt for violation of the court's September 30, 1997, order to pay Nottage and Ward $121,060.90. The trial court denied respondent's motion to reconsider and ordered him to pay the full amount to Nottage and Ward by November 17, 1997, which he paid on that date.

On December 1, 1997, petitioner filed another motion for leave to amend her petition for temporary and prospective attorney fees based on the amendments to the Act. Petitioner subsequently filed a second petition for interim attorney fees. Total fees incurred as of December 31, 1997, were $224,700.35. The total amount owed to Nottage and Ward as of December 31, 1997, was $109,682.91.

On June 9, 1998, the court granted petitioner's petition and ordered respondent to pay interim attorney fees to Nottage and Ward in the amount of $65,000, while staying the judgment for 30 days. The order did not allocate the $65,000 between earned and prospective fees. On June 23, 1998, respondent filed a motion to modify, clarify and reconsider the June 9, 1998, order with respect to attorney fees and other relief. On July 9, 1998, respondent tendered a check to Nottage and Ward in the amount of $65,000.

On July 16, 1998, Nottage and Ward filed an amended motion for leave to withdraw as counsel due to a conflict of interest between petitioner and Nottage and Ward. Nottage and Ward then filed a second amended motion for leave to withdraw, citing petitioner's alleged desire to discharge the firm as counsel. Respondent filed a response to petitioner's second amended motion for leave to withdraw and a "Counter Petition for Return of Interim Fees." In the counterpetition, respondent asserted that the $65,000 awarded included prospective fees and further asserted that, because Nottage and Ward sought to withdraw only one week after receiving the $65,000 interim fee award, Nottage and Ward should not be allowed to withdraw until it returned the full award. In response, Nottage and Ward argued that the $65,000 was actually for past services rendered and that it was entitled to be paid on a *quantum meruit* basis for its past services.

During argument on the counterpetition for return of interim fees, respondent argued that the text of section 501 of the Act specifically provided for the disgorgement of interim fees in such circumstances. Nottage and Ward argued that interim fees can only be reassessed at the end of the case pursuant to sections 503 and 508 of the Act. The court, however, concluded that section 501 "allow[ed] the Court to take action now versus at the end of the case." After hearing further argument on the motion to withdraw and the counterpetition for return of interim fees, the court issued an order on August 25, 1998, which stated in pertinent part:

> "Nottage and Ward shall place into escrow $35,000 of the funds awarded by this court on June 9, 1997, within 7 working days. The terms of the escrow account to be an account in Janna's name; no withdrawals without order of court."

Nottage and Ward filed a notice of interlocutory appeal from that part of the court's August 25, 1998, order "that requires Nottage and Ward to place into escrow $35,000 previously awarded by the court." In response, respondent filed a motion to dismiss the appeal on jurisdictional grounds which this court denied.

■ Nottage and Ward rely on this court's denial of respondent's motion to dismiss the appeal as a conclusive determination of the jurisdiction issue. However, the denial of a motion to dismiss an appeal prior to briefing and argument is not final and may be revised at any time before the disposition of the appeal. *Hwang v. Tyler*, 253 Ill. App. 3d 43, 45, 625 N.E.2d 243 (1993). This court has an obligation to consider its jurisdiction at any time and should dismiss an appeal if jurisdiction is lacking. *Hamilton v. Williams*, 237 Ill. App. 3d 765, 772, 604 N.E.2d 470 (1992). As a result, this court may reconsider the issue of jurisdiction.

■ Initially, we address respondent's contention that the circuit court's interlocutory order requiring Nottage and Ward to place $35,000 of the interim fee award into an escrow account is not an order modifying or granting an injunction and that, therefore, this court lacks jurisdiction under Supreme Court Rule 307 (155 Ill. 2d R. 307) to entertain this appeal. Supreme Court Rule 307 governs interlocutory appeals as of right. Subsection (a) of Rule 307 provides that "[a]n appeal may be taken to the Appellate Court from an interlocutory order *** granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 155 Ill. 2d R. 307(a)(1). The purpose of Rule 307(a)(1) is to provide for the interlocutory review of a court's exercise of its equitable power to grant injunctive relief and to prevent abuses of the power that could result in irreparable harm. *In re Marriage of Johnston*, 206 Ill. App. 3d 262, 264, 562 N.E.2d 1004 (1990). Thus, the question presented here is whether the court's order requiring Nottage and Ward to place $35,000 of a previous interim fee award into an escrow account may be properly characterized as injunctive in nature. We have found no cases under the Act in which a reviewing court has made such a determination. This lack of authority is apparently in part due to the novelty of the issue in light of recent amendments to the Act.

■ An injunction has been defined as a " 'judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing.' " *In re a Minor*, 127 Ill. 2d 247, 261, 537 N.E.2d 292 (1989), quoting *Wangelin v. Goe*, 50 Ill. 459, 463 (1869). To further determine what constitutes an appealable injunctive order under Rule 307(a)(1), we must look to the substance of the action, not its form. *In re Estate of Ohlman*, 259 Ill. App. 3d 120, 630 N.E.2d 1133 (1994).

Nottage and Ward relies on *Allstate Insurance Co. v. Rizzi*, 252 Ill. App. 3d 133, 625 N.E.2d 74 (1993), and *American Re-Insurance v. MGIC Investment Corp.*, 73 Ill. App. 3d 316, 391 N.E.2d 532 (1979), to support its contention that an order to deposit funds is injunctive in nature.

The plaintiff in *Allstate* filed an interpleader action due to multiple claims filed against the insured, regarding an automobile accident. In its interpleader action, Allstate requested, *inter alia*, that the court determine the allocation of the $300,000 in insurance funds to all injured parties. Allstate indicated in its complaint that it was willing to settle all claims against the insured in exchange for a full release. However, due to the seriousness of the injuries, Allstate sought the court's assistance in allocating the $300,000 available under the policy. Allstate reached settlements with defendant Rizzi and the other defendants and sought approval from the trial court regarding the

settlements. Rizzi and other defendants filed answers to Allstate's interpleader complaint denying that Allstate should be entitled to the relief requested and also asked the trial court that Allstate be ordered to deposit funds with the court. The trial court then denied Allstate's motion to approve the settlements. The defendants filed a motion to require that the trial court order Allstate to deposit the insurance funds with the court and issue an order discharging defendant Rizzi from the action. The trial court subsequently issued an order compelling Allstate to deposit the $300,000 with the clerk of court within 21 days.

Allstate filed a notice of interlocutory appeal and moved to dismiss for lack of jurisdiction. This court held that because Allstate had filed an interpleader complaint but had not been dismissed from the action, the order to deposit funds was injunctive in nature, and not merely administrative. *Allstate*, 252 Ill. App. 3d at 136.

*American Re-Insurance* addresses the appealability of an order directing a preadjudication deposit of insurance funds that were the subject of the litigation. The plaintiff and the defendant entered into a reinsurance agreement that provided that, in return for the defendants' payment of 21.55% of the premiums on their lease guarantee insurance policies, the plaintiff would reinsure the defendants for 80% of the amount of their losses under the policies. The plaintiff then filed a complaint against the defendants, arguing that the defendants were "conditionally necessary parties to this action, in order to render the relief sought herein, *i.e.*, rescission of the [reinsurance] treaty, complete and effective." *American Re-Insurance*, 73 Ill. App. 3d at 318. Simultaneous with the filing of the complaint, the plaintiff filed an "emergency motion for the deposit of funds," which sought permission to deposit funds claimed by the defendants as due under the terms of the reinsurance agreement. On appeal, the plaintiffs contended that this court lacked jurisdiction. This court held that "the establishment of the fund and its 'trustee,' the approval of the original and subsequent payments to the fund *** [were in] substance the types of orders contemplated as appealable by Supreme Court Rule 307(a)." *American Re-Insurance*, 73 Ill. App. 3d at 324.

We find both *Allstate* and *American Re-Insurance* readily distinguishable from the case at bar. Unlike *Allstate* and *American Re-Insurance*, Nottage and Ward was effectively dismissed from the dissolution proceedings and its responsibility to petitioner was terminated when its motion to withdraw as counsel was granted.

An instructive case, upon which respondent relies, is *In re Marriage of Meyer*, 197 Ill. App. 3d 975, 557 N.E.2d 242 (1990). In *Meyer*, the petitioner sought to appeal from a temporary order in a dissolu-

tion of marriage action that permitted his wife to sell certain marital property and purchase a home using the proceeds of the sale. The wife had filed a motion for temporary relief pursuant to section 501(a)(3) of the Act. The circuit court's order permitted the sale of jointly owned real estate, allowed the wife to purchase a new home, and directed that the balance of the proceeds from the sale be placed in escrow pending trial. *Meyer*, 197 Ill. App. 3d at 977. This court held that the circuit court's order was not injunctive in nature, noting that temporary relief under section 501 may include temporary mainte-nance or child support, temporary custody, exclusive possession of the marital residence, sequestration of assets, and temporary attorney fees, and yet this temporary relief "is often in the form of neither a temporary restraining order nor a preliminary injunction." *Meyer*, 197 Ill. App. 3d at 978. The court further observed that because any ineq-uity in the temporary order could be addressed before the final hear-ing in the trial court, an interlocutory appeal was not appropriate. *Meyer*, 197 Ill. App. 3d at 979.

Nottage and Ward attempts to distinguish *Meyer* on the grounds that the real issue in that case on appeal was whether the court order that the wife could use $510,000 of the marital estate to purchase a house was appealable pursuant to Rule 307(a). Nottage and Ward argues that, in the instant case, Nottage and Ward, a third party, was ordered to place disputed funds into an escrow account for the benefit of another party. We find Nottage and Ward's distinction unpersua-sive.

■ Here, as in *Meyer*, the order is neither an injunction nor an or-der modifying an injunction under Supreme Court Rule 307(a)(1). Instead, the order to place $35,000 into an escrow account is merely a modification of the court's previous interim attorney fee award and the court's response to changing circumstances, namely, the with-drawal of Nottage and Ward as counsel for petitioner. Section 501(c—1)(2) specifically provides "[a]ny portion of any interim award constituting an overpayment shall be remitted back to the appropriate party or parties, or, alternatively, to successor counsel as the court determines and directs, after notice." 750 ILCS 5/501(c—1)(2) (West 1996). Nottage and Ward argues that other language in section 501(c—1)(2) provides that interim attorney fee awards may be reviewed at the conclusion of the case at a hearing on contribution under subsec-tion (j) of section 503 or at a hearing on counsel's fees under subsec-tion (c) of section 508. This is true, but to hold that this language requires that modification of an interim attorney fee award may only be made at the conclusion of the case would deprive the trial court of its inherent power to modify its own orders.

We also note that the plain language of the sections 501(c—1)(1) and (2) does not authorize the appeal of interim orders. 750 ILCS 5/501(c—1)(1), (c—1)(2) (West 1996). The order to place $35,000 into an escrow account is similar to interim or temporary orders entered in dissolution proceedings wherein relief was granted but not found to be injunctive in nature for purposes of appeal. See *In re Marriage of Johnston*, 206 Ill. App. 3d 262, 562 N.E.2d 1004 (1991) (trial court's order requiring the retirement board of the firemen's annuity and benefit fund to comply with qualified domestic relations order entered by the court awarding a portion of husband's pension to wife for her lifetime not injunctive and therefore not immediately appealable under Supreme Court Rule 307(a)(1)); *In re T.M.*, 302 Ill. App. 3d 33 (1998) (trial court's order modifying prior supervised visitation order allowing father supervised overnight visits with children and stepchildren was not an injunctive order and therefore not immediately appealable under Supreme Court Rule 307(a)(1)).

Nottage and Ward asserts that the $35,000 at issue was for fees already earned and not a prospective fee. We find the fact that the court ordered $35,000 of the $65,000 interim attorney fee awarded on June 9, 1997, into escrow shows that this portion of the interim attorney fee award was prospective in nature.

A further reason counseling against the appealability of the order is that if orders addressing interim attorney fee awards were appealable, this court would be burdened with numerous interim fee appeals. It is well settled that the Act discourages piecemeal appeals in the absence of some compelling reason. *In re Marriage of Leopando*, 96 Ill. 2d 114, 119, 449 N.E.2d 137 (1983); *Meyer*, 197 Ill. App. 3d at 978. Thus, courts are " 'encourage[d] *** to decide all matters incident to the dissolution in a single judgment, to the fullest extent of [their] authority, in order to achieve finality, promote judicial economy, and avoid multiple litigations and complications which can result from the entry of partial judgments, particularly judgments which dissolve the marriage but "reserve" remaining issues for later determination.' " *Leopando*, 96 Ill. 2d at 120, quoting *In re Marriage of Cohn*, 93 Ill. 2d 190, 197-98, 443 N.E.2d 541 (1982). If there is any inequity in the interim fee order, it can be addressed in the trial court at the hearing for final attorney fees. More importantly, if orders addressing interim attorney fee awards were subject to interlocutory appeal, the party in a dissolution proceeding with less financial ability to pay fees incident to the litigation would be at a severe disadvantage in retaining counsel. This would not be in accordance with one of the key purposes of the "leveling the playing field" amendments to the Act, which is to provide "for timely awards of interim fees to achieve substantial parity in par-

ties' access for funds for litigation costs." 750 ILCS 5/102(5) (West 1996).

Finally, the order is not injunctive because Nottage and Ward has an adequate remedy at law for attorney fees on a contract or *quantum meruit* basis.

For all of the above reasons, we hold that the order requiring Nottage and Ward to place $35,000 of an interim attorney fee award into an escrow account for the benefit of successor counsel is not injunctive in nature and therefore not appealable under Rule 307(a)(1).

Appeal dismissed.

CAMPBELL, P.J., and BUCKLEY, J., concur.