*In re* MARRIAGE OF MARGARET OLEKSY, Petitioner-Appellee, and HENRYK OLEKSY, Respondent-Appellant.

First District (2nd Division)   No. 1—01—3385

Opinion filed March 18, 2003.

Pengtian Ma, of Chicago, for appellant.

Maureen A. Harton, of Lockport, for appellee.

JUSTICE CAHILL delivered the opinion of the court:
The main issue in this appeal is whether a court order drafted by

an attorney and presented to a judge for signature is within the scope of the "pleading, motion and other paper of a party" language of Supreme Court Rule 137 (155 Ill. 2d R. 137). The order contained dispositive language on an issue that was represented as agreed to by the parties. In fact, there was no agreement. The trial judge signed the order. When he later learned that there had not been an agreement, he imposed a sanction on the drafting attorney under Rule 137. For the reasons that follow, we vacate the sanction.

Petitioner Margaret Oleksy filed a petition for dissolution of marriage. Judgment for dissolution was entered on November 13, 2000. Margaret was granted sole custody of the parties' children, Peter and Pauline. Respondent Henryk Oleksy was ordered to pay $1,315.84 a month in child support. Henryk filed his first notice of appeal on February 22, 2001. That appeal was resolved separately in *In re Marriage of Oleksy*, No. 1—01—0734 (2002) (unpublished order under Supreme Court Rule 23). In February 2001, Peter left his mother's house and moved in with his father. Henryk then filed a petition for modification of child support, change of custody, reimbursement of costs and other relief. He also filed a petition to modify, suspend or terminate the order for withholding. In May 2001, Margaret filed a petition for award of interim attorney fees. On August 1, 2001, the trial court reduced the child support award to $700 a month, retroactive to April 27, 2001.

At the August 1, 2001, hearing, Henryk's counsel asked the court to rule on his petition to modify, suspend or terminate the order for withholding to account for the credit for overpayment of child support since April 27, 2001. Margaret's counsel stated, "We understand that he is entitled to a credit." The record shows that Henryk's counsel drafted a "Uniform Order for Support" and a separate order to modify withholding, both of which purported to be agreed orders. The modification order directed that the credit for an overpayment of child support should be satisfied by suspending Henryk's child support payments for three months. The parties had not, in fact, agreed to this method of awarding the credit. The trial court entered the orders.

At a hearing on August 7, 2001, Margaret's counsel stated that he had not agreed to the order to modify withholding in the manner set out. The trial court granted the motion to vacate the order. Margaret's counsel then filed a motion for sanctions under Supreme Court Rule 137 (155 Ill. 2d R. 137), which the trial court also granted, ordering Henryk and his counsel to pay $1,006 as a sanction. The court also ordered Henryk to pay $4,000 in interim attorney fees. Henryk appeals from both orders.

Henryk first argues that the trial court erred in imposing sanc-

tions under Rule 137. Henryk contends that his attorney submitted the draft order for the judge to sign, but that it was not a pleading, motion or paper within the meaning of Rule 137. He also argues that, assuming a Rule 137 sanction was appropriate, the court did not set out the factual basis for its award of sanctions as required by the rule.

■ We will not overturn a trial court's award of sanctions absent an abuse of discretion. *Yassin v. Certified Grocers of Illinois, Inc.*, 133 Ill. 2d 458, 551 N.E.2d 1319 (1990). A trial court's decision must clearly set forth the factual basis for the result. *Peterson v. Randhava*, 313 Ill. App. 3d 1, 729 N.E.2d 75 (2000).

■ Supreme Court Rule 137 provides in part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney *** constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." 155 Ill. 2d R. 137.

Henryk cites *In re C.K.*, 214 Ill. App. 3d 297, 299-300, 573 N.E.2d 378 (1991), in which Rule 137 was held not to apply to a subpoena because, although drafted by an attorney, a subpoena is issued by the clerk of the court. He reasons that a draft order, like a subpoena, although drafted by an attorney, is issued by the court. Henryk points out that Rule 137 sanctions have been confined to pleadings, motions or other papers *filed by a party*, as in *Hernandez v. Williams*, 258 Ill. App. 3d 318, 632 N.E.2d 49 (1994).

In her brief, Margaret defends the Rule 137 sanction. She suggests that there is no case precisely on point, but argues that our focus should not be on the order "but rather the conduct of Henryk's attorney in presenting the order to the trial court for entry." The argument is not without appeal, but requires an expansive reading of a judge's discretion under Rule 137. It conflicts with the narrow construction this court has consistently placed on the intent and use

of the rule. See generally *Shea, Rogal & Associates, Ltd. v. Leslie Volkswagen, Inc.*, 250 Ill. App. 3d 149, 152, 621 N.E.2d 77 (1993); *Singer v. Brookman*, 217 Ill. App. 3d 870, 879, 578 N.E.2d 1 (1991); *Lewy v. Koeckritz International, Inc.*, 211 Ill. App. 3d 330, 334, 570 N.E.2d 361 (1991).

■ Rule 137, as we read the cases, is aimed at the abuse of the judicial process by penalizing claimants who bring vexatious or harassing actions based upon unsupported allegations of law or fact. *Singer*, 217 Ill. App. 3d at 879. The rule is aimed at the pleadings and papers—the work product, if you will—of attorneys. Rule 137 "does not provide a sanction against all asserted violations of court rules and for all acts of professional misconduct of an attorney." *C.K.*, 214 Ill. App. 3d at 300, citing *Tabor & Co. v. Gorenz*, 43 Ill. App. 3d 124, 132, 356 N.E.2d 1150 (1976). We do not believe an order signed by a trial judge, though drafted by an attorney, meets the definition of "pleading, motion and other paper *of a party*." (Emphasis added.) 155 Ill. 2d R. 137; *C.K.*, 214 Ill. App. 3d at 299-300. A court order, whoever drafted it, remains the ruling of a judge. It is not a "paper" of a party.

The proper remedy for Henryk's attorney's alleged misrepresentation of facts to the court is a petition for adjudication of criminal contempt. *In re Marriage of Betts*, 200 Ill. App. 3d 26, 58-59, 558 N.E.2d 404 (1990). Contempt of court is an act that is calculated to embarrass or obstruct a court in the administration of justice, or that is calculated to lessen its authority or dignity. *In re Estate of Kelly*, 365 Ill. 174, 178, 6 N.E.2d 113 (1936). Indirect criminal contempt is retrospective, imposed to punish past misconduct. *Betts*, 200 Ill. App. 3d at 43, citing *Hicks v. Feiokc*, 485 U.S. 624, 631-35, 99 L. Ed. 2d 721, 731-33, 108 S. Ct. 1423, 1429-31 (1988). One of the purposes of criminal contempt is to punish those who commit fraud upon the court. *Betts*, 200 Ill. App. 3d at 44-45. "Utter disregard of attorneys as to the truth or falsity of matters contained in papers and documents presented to courts warrants condemnation as unethical and contemptuous." *Kelly*, 365 Ill. at 184. In *Kelly*, an attorney who filed a spurious will and application for its probate was held in criminal contempt. *Kelly*, 365 Ill. at 179. "[T]he trial of an indirect criminal contempt charge must conform to all procedural requirements and rights normally applicable to criminal trials." *Betts*, 200 Ill. App. 3d at 58. We believe this is the path a trial judge must take in a case where an attorney charged with drafting an order for the signature of the court misrepresents the rulings the judge has indicated he wishes to make. Because we find that sanctions under Rule 137 were improper in this case, we need not address whether the trial court's order set out a sufficient factual basis to support the sanction.

■ Henryk also argues on appeal that the trial court erred in awarding Margaret $4,000 in interim attorney fees and costs. The court ordered Henryk to pay interim attorney fees so Margaret could "participate adequately" in the litigation. Margaret's petition for interim fees and accompanying affidavits identified four separate pending motions for relief filed by Henryk for which assistance of counsel was needed. While this appeal was pending, Margaret filed a motion to dismiss for want of jurisdiction the portion of Henryk's appeal related to interim attorney fees. The motion was taken with the case and is now granted.

Margaret contends that this court lacks jurisdiction because the plain language of sections 501(c—1)(1) and (c—1)(2) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/501(c—1)(1), (c—1)(2) (West 2000)) precludes the appeal of interim orders under *In re Marriage of Tetzlaff*, 304 Ill. App. 3d 1030, 1039, 711 N.E.2d 346 (1999). Henryk responds that *Tetzlaff* does not apply because that case involved interim attorney fees for predissolution proceedings, but this case involves fees for postdissolution proceedings. This is incorrect. Section 501(c—1) applies to both predissolution and postdissolution decree proceedings. *In re Marriage of Beyer*, 324 Ill. App. 3d 305, 314, 753 N.E.2d 1032 (2001).

Henryk cites *In re Marriage of Lawrence*, 146 Ill. App. 3d 307, 496 N.E.2d 538 (1986), to analogize interim attorney fees to "temporary" maintenance, which was held to be final and reviewable. In that case, the trial court awarded "temporary" maintenance payments to a party, subject to review by the trial court in three years. The appellate court determined that three years was long enough to be considered final for the purposes of appeal. *Lawrence*, 146 Ill. App. 3d at 310. The trial court here found that Henryk "has the financial ability to pay reasonable amounts" to "enable [Margaret] to participate adequately in the litigation." Unlike *Lawrence*, this order was not set for future review by the trial court. Neither was the $4,000 designated as a one-time or final interim fee payment. These facts support the conclusion that the order was interlocutory and not subject to appeal. Petitioner's motion to dismiss for want of jurisdiction the portion of the appeal related to interim attorney fees is granted.

We reverse the award of sanctions under Rule 137. Lacking jurisdiction to consider the issue of interim attorney fees, we dismiss that portion of this appeal.

Reversed in part and dismissed in part.

McBRIDE, P.J., and BURKE, J., concur.