SECOND DIVISION

June 29, 2004 

No. 1-03-2359

In Re: The Marriage of ) Appeal from the

) Circuit Court of

MARY BETH JOHNSON, ) Cook County.

)

   Petitioner, ) 

) 

v. ) 

) 

VERNON JOHNSON, ) 

) 

Respondent, ) 

)

________________________________________)

)

(LAW OFFICES OF JEFFERY M. LEVING, LTD.,)

)

Appellant, )

)

v. )

)

MICHAEL A. WEIMAN and DAVID J. WESSEL, ) Honorable

) Daniel J. Sullivan,

Appellees.) ) Judge Presiding.

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

A law firm contends the statute that authorizes disgorgement 
of interim fees paid to it by its client in a marriage dissolution case is constitutionally defective.  We conclude a decision on the issue will have to wait for another day.  We lack jurisdiction to decide it.  

The appellant, the Law Offices of Jeffrey M. Leving, Ltd. (Leving), appeals an interim order entered by the trial court prior to the final divorce decree, ordering Leving to disgorge certain attorney fees paid by its client Vernon Johnson (Vernon). 

The issues raised by Leving on appeal are: (1) does this court have jurisdiction to hear this matter, given that an interim order is not a final order; (2) does section 501(c-1)(3) (750 ILCS 5/501(c-1)(3)
 (West 2002)) violate the separation of powers clause in the Illinois Constitution; (3) does section section 501(c-1)(3) (750 ILCS 5/501(c-1)(3)
 (West 2002))
 violate substantive or procedural due process, either on its face or as applied to Leving; (4) is the trial court’s order void because the court lacked statutory authority to order Leving to disgorge "earned” fees; and (5) is the trial court’s order void because no proper pleading requesting disgorgement was filed at the time of the order?       

The disgorgement order was entered pursuant to section 501(c-1)(3) of the Illinois Marriage and Dissolution of Marriage Act (the Act), which states, in part:

"If the court finds that both parties lack financial ability or access to assets or income for reasonable attorney’s fees and costs, the court (or hearing officer) shall enter an order that allocates available funds for each party’s counsel, including retainers or interim payments, or both, previously paid, in a manner that achieves substantial parity between the parties.”  750 ILCS 5/501(c-1)(3) (West 2002).

Section 501(c-1)(3) of the Act was enacted as part of the "leveling of the playing field” amendments in 1997, changing the petition methods and court procedures for interim fee awards in dissolution of marriage actions.  750 ILCS 5/501 
et
 
seq.
 (West 2002); 
In re Marriage of Tetzlaff
, 304 Ill. App. 3d 1030, 1032, 711 N.E.2d 346 (1999).

FACTS

On August 10, 2000, Mary Beth Johnson filed a petition for dissolution of marriage against Vernon Johnson.  Linda Schneider filed an appearance as Vernon’s attorney.  Michael Weiman was granted leave to file his substitution as Mary Beth’s attorney on December 5, 2000.  The court appointed David Wessel as attorney for the minor children. 

On January 15, 2002, Schneider withdrew, and Leving entered an appearance as attorney for Vernon.  Leving filed a motion to withdraw on April 9, 2002, contending Vernon failed to fulfill an agreement on expenses and fees.  Leving later withdrew the motion.  Leving filed a second motion to withdraw on July 12, 2002, citing the same reasons.  The court granted Leving leave to withdraw on July 17, 2002.  On July 30, 2002, Leving filed a petition for attorney fees in the amount of $12,247.57, pursuant to section 508 of the Act.  750 ILCS 5/508 (West 2002).  On August 22, 2002, Michael Ochoa, an attorney with Leving, filed an additional appearance as Vernon’s attorney.

On August 23, 2002, the court entered an order setting a hearing date on Mary Beth’s petition to modify visitation.  The order also stated:

"The issue of the child’s representative’s fees and a prospective leveling of the playing field pursuant to 750 ILCS 5/501(c-1) shall be adjudicated at such time as well as the setting of trial dates.”

On August 27, 2002, Leving refiled its additional appearance and filed a motion for leave to file appearance.

Mary Beth, through Weiman, presented to the court a petition for interim and prospective attorney fees and costs pursuant to section 501(c-1) (750 ILCS 5/501(c-1)
 (West 2002))
, alleging Vernon was well able to pay Mary Beth’s interim and prospective attorney fees.  Wessel presented a petition for interim attorney fees and prospective trial fees, pursuant to section 506 (750 ILCS 5/506
 (West 2002))
.  Neither petition was filed with the clerk of the court.  Copies of the petitions had been sent to Leving.  Wessel's petition asked the trial court to order funds already paid by the parties toward legal fees of their own attorneys "to be disgorged by their attorneys and paid to David Wessel ***."  Weiman's petition said "there must be a leveling of the playing field between the parties" and it asked the trial court to decide the fees issue "on a non-evidentiary basis pursuant to Section 501(c)(1)."

Vernon filed a motion to strike or dismiss the petition for interim and prospective attorney fees and costs.  In his motion, Vernon acknowledged having been served with the petition.    On August 28, 2002, following a visitation hearing, the court heard arguments regarding the fee petitions.  Ochoa told the court he had received $23,500 in fees since January 2002, which Vernon had borrowed from his parents.  Weiman asked the court to disgorge fees paid to Ochoa, because Ochoa had received $11,000 as a retainer at the beginning of the case.  Ochoa objected that Weiman’s petition did not ask for disgorgement and objected to any hearing on the fee petition because he had just received it 90 minutes before.  The court overruled the objection but did not order disgorgement.  The court ordered Vernon to pay $15,000 in attorney fees to Weiman and $7,500 to Wessel within 30 days and denied Vernon’s motion to strike the fee petition.  The order was entered on September 9, 2002.    

On November 12, 2002, Mary Beth filed an emergency petition for rule to show cause why Vernon should not be held in contempt for failure to pay the attorney fees under the court’s September 9, 2002, order and failure to pay child support.  The court issued a rule against Vernon pursuant to the petition.  Vernon filed a financial disclosure statement, indicating he owed Leving $16,113.91 in attorney fees, as of October 31, 2002.  

On December 2, 2002, the court held Vernon in indirect civil contempt of court following a hearing on the rule to show cause.  The court remanded Vernon to the custody of the Sheriff of Cook County with commitment stayed until December 4, 2002.  The purge was set for Vernon to pay $7,500 to Wessel, $7,300 to Weiman, and $2,200 to Mary Beth for child support.  

On December 4, 2002, the cause came before the court for return of the body attachment issued against Vernon.  With Vernon not having met the ordered purge, the trial judge ordered disgorgement of half the attorney fees paid to Leving, stating: "in light of the fact you [Vernon] paid $23,000 to your present attorney, under the statute, the laws of the State of Illinois, I’m going to order that half of that be disgorged and given in equal amounts to Mr. Weiman to cover his fees and Mr. Wessel to cover his fees. *** I want the record to reflect the reason the Court is taking this action is that it has been shown, through the evidence presented at the prove up, that there are no assets in this case whatsoever to take attorney’s fees from.  None.  Therefore, this is the only equitable way under the law to see that both sides and plus the child’s representative are paid their attorney’s fees.” 

The following exchange between Ochoa and the trial judge took place:

"MR. OCHOA: Mr. Weiman is correct.  Mr. Johnson has paid $23,500.  With regard to the issue on Petition for Rule to Show Cause, this was brought about by two petitions for interim fees and this Emergency Petition for Rule to Show Cause, this being the second petition.  Nowhere does anyone ask for a purge--sorry.  Nowhere does anyone ask for disclosure.
(footnote: 1)
 THE COURT: In this petition they ask for any and all other relief.

MR. OCHOA: Well, if that’s going to be the case in the pleading, then there’s no point in saying anything other than that.  You can just simply say relief allowed by the statute.

THE COURT: Are you suggesting instead of the Court making this order that your client go to jail?

MR. OCHOA: No. I’m suggesting the Court do something else.  Make a payment history.  Payment plan.  Somehow enable him to pay once he becomes employed. ***

THE COURT: I think that will be an excellent idea.  He will owe you more fees now that I am disgorging you of half of the fees.  I think it’s an excellent idea for the Leving firm to enter an agreement based on your future employment to make payment to them.”

The court ordered payment in 14 days.  The court’s order, entered December 5, 2002, stated, in part:

"1. Pursuant to 750 ILCS 5/501(c-1) 
and the agreement of the parties
, the law firm of Jeffrey M. Leving, Ltd. is hereby disgorged of one-half (1/2) of the fees paid by respondent which total $11,750.  This disgorgement shall be made within 14 days via the following payments to be made by Jeffrey M. Leving, Ltd.: 

A. $5,875.00 to David Wessel, Esq.   

B. $5,875.00 to Michael Weiman, Esq.

***

3. In the event there is compliance with Paragraph 1 of this order, the purge set forth in the 12/2/02 order relative to fees, as well as all claims for fees by petitioner and the children’s representative against the respondent, shall be deemed satisfied in full.”  (Emphasis added.) 

The court granted the parties 30 days to resolve any remaining issues related to division of personal property.  The court reserved jurisdiction to adjudicate those matters. 

On December 6, 2002, Vernon filed an emergency motion to vacate the portion of the court’s order indicating "agreement of the parties.”  The court entered an order striking the words "and the agreement of the parties” from the December 5 order.  

Leving filed an amended petition for attorney fees in the amount of $42,441.41 and a motion to withdraw on December 12, 2002.  Leving filed its second amended petition for attorney fees in the amount of $57,338.61 on December 23, 2002.

Vernon, through Leving, filed a motion to reconsider orders for disgorgement on December 23, 2002.  The motion alleged no petition for disgorgement was ever presented to the court or filed with the clerk’s office.  Vernon contended he had no adequate opportunity to be heard and was denied a hearing upon proper notice with proper pleadings.  He contended the disgorgement orders were an unlawful taking of property in violation of substantive and procedural due process.

Mary Beth filed a motion to strike the motion to reconsider, saying the motion failed to set forth any newly discovered evidence, changes in the law, or errors by the trial court.  Mary Beth conceded the court entered the disgorgement orders 
sua
 
sponte
 but contended the statute gave the court authority to do so.  Vernon filed a response to the motion to strike.  Leving filed another motion to withdraw.

On December 27, 2002, the court entered an order vacating the remand of Vernon to the custody of the Sheriff, finding Vernon had met the purge requirements.  Leving had transferred the required amounts of $5,875 each to Weiman and Wessel.

On April 18, 2003, the court heard arguments on the motion to reconsider and motion to strike.  Ochoa argued the court made three errors of law.  First, the court found Vernon could not afford to pay fees, so there was no reason to find him in contempt.  Second, neither Wessel nor Weiman requested disgorgement in their petitions, and the order violated due process.  Third, the funds for disgorgement were not available because there was evidence Vernon still owed the firm $16,113.91.  The court denied Vernon’s motion to reconsider and Mary Beth’s motion to strike.

The judgment for dissolution of marriage was entered April 18, 2003.  The court retained subject matter jurisdiction for purposes of enforcing the judgment.  The court reserved for further hearing: (1) the division of personal property, subject to each party’s right to bring a motion within 30 days; (2) the division between the parties of certain funds held in escrow; and (3) all issues regarding attorney fees.

On July 1, 2003, the court entered an order awarding each party one-half of the escrowed funds, ordering other personal property to be distributed, and granting Leving leave to withdraw.

Leving filed its notice of appeal on July 30, 2003, followed by an amended notice of appeal on July 31, 2003, appealing the orders entered September 9, 2002, December 2, 2002, December 5, 2002, December 6, 2002, and April 18, 2003.

On February 25, 2004, the trial court set a hearing date of April 27, 2004, on Leving’s second amended petition for attorney fees.  On April 27, 2004, the hearing on fees was continued by motion of Vernon and was pending before the trial court at the time Leving filed its notice of appeal.

In addition, on February 25, 2004, the trial court allowed a motion by Wessel and Weiman to correct the record and file their fee petitions 
nunc
 
pro
 
tunc
 to August 2002.  The petitions were formally filed on March 17, 2004.  On March 18, 2004, Weiman and Wessel filed in this court a joint motion for leave to file supplemental record on appeal, requesting to add both fee petitions.  Wessel and Weiman alleged the petitions were served on Vernon in August 2002, but inadvertently not filed.  This court entered an order that the joint motion would be taken with the case.  We now grant the joint motion.

DECISION

Before we can address Leving’s contentions regarding the disgorgement order's validity, we must consider whether this court has jurisdiction to entertain this appeal.

This court has a duty to independently assess its jurisdiction to hear an appeal.  
In re Marriage of Devick
, 335 Ill. App. 3d 734, 740, 781 N.E.2d 484 (2003).  On this court's request, both parties submitted additional briefs addressing the issue of jurisdiction.  Leving contends this court has jurisdiction pursuant to Supreme Court Rule 301, which states, "[e]very final judgment of a circuit court in a civil case is appealable as of right" (155 Ill. 2d R. 301).  Leving contends the disgorgement order, an otherwise interlocutory order, became final and appealable on July 1, 2003.  On July 1, 2003, the trial court entered a final order dividing the remaining personal property between Mary Beth and Vernon Johnson, but reserving attorney fees issues.  In addition, Leving was given leave to withdraw as Vernon's attorney.

Weiman and Wessel contend the disgorgement order became final when the order of dissolution of marriage was entered on April 18, 2003; therefore, Leving's notice of appeal, filed July 30, 2003, was untimely.  Alternatively, Weiman and Wessel contend the trial court has not yet entered a final order on attorney fees, rendering this appeal premature and depriving this court of jurisdiction.

To determine whether we have jurisdiction, we must first decide whether a disgorgement order is a final judgment. 
 We start by examining the relevant sections of the Act (750 ILCS 5/101 
et
 
seq.
 (West 2002)).  When construing a statute, our main objective is to ascertain and follow the legislature's intent, typically by applying the plain meaning of the statute's language.  
In re Stella
, 339 Ill. App. 3d 610, 614, 791 N.E.2d 187 (2003).

Section 501(c-1)(3) provides for temporary relief in divorce proceedings, including interim awards of attorney fees:

"In any proceeding under this subsection (c-1), the court *** shall assess an interim award against an opposing party in an amount necessary to enable the petitioning party to participate adequately in the litigation ***.  *** If the court finds that both parties lack financial ability or access to assets or income for reasonable attorney's fees and costs, 
the court *** shall enter an order that allocates available funds for each party's counsel, including retainers or interim payments, or both, previously paid, in a manner that achieves substantial parity between the parties
."  (Emphasis added.)  750 ILCS 5/501(c-1)(3) (West 2002).

This "allocation" of interim attorney fees, which is commonly referred to as "disgorgement", was enacted to "level the playing field by equalizing the parties’ litigation resources where it is shown that one party can pay and the other party cannot."  
In re Marriage of Beyer
, 324 Ill. App. 3d 305, 315, 753 N.E.2d 1032 (2001).

The Act also addressed the effect of any interim orders granting temporary relief.  Section 501(c-1)(2) states in part:

"
Any assessment of an interim award [of attorney fees] *** shall be without prejudice to any final allocation and without prejudice as to any claim or right of either party or any counsel of record at the time of the award
.  Any such claim or right may be presented by the appropriate party or counsel at a hearing on contribution under subsection (j) of Section 503 [750 ILCS 5/503] or a hearing on counsel's fees under subsection (c) of Section 508 [750 ILCS 5/508]."  (Emphasis added.)  750 ILCS 5/501(c-1)(2) (West 2002).

Section 508(d) provides:

"A temporary order entered under this Section:

(1) does not prejudice the rights of the parties or the child which are to be adjudicated at subsequent hearings in the proceeding;

(2) may be revoked or modified before final judgment, on a showing by affidavit and upon hearing; and

(3) 
terminates when the final judgment is entered
 or when the petition for dissolution of marriage or legal separation or declaration of invalidity of marriage is dismissed."  (Emphasis added.)  750 ILCS 5/508(d) (West 2002).

The statute's plain language indicates interim attorney fee awards provide 
temporary
 relief during divorce litigation.  750 ILCS 5/501 
et
 
seq.
 (West 2002).  These interim awards are treated as interlocutory orders and are not subject to appeal. 
 
In re Marriage of Olesky
, 337 Ill. App. 3d 946, 950, 787 N.E.2d 312 (2003) (order awarding interim attorney fees was interlocutory and portion of appeal relating to the order was dismissed for lack of jurisdiction); 
In re Marriage of Tetzlaff
, 304 Ill. App. 3d 1030, 711 N.E.2d 346 (1999).

In 
Tetzlaff
, the attorneys in a divorce case filed an interlocutory appeal challenging a disgorgement order.  The trial court ordered the attorneys, upon their withdrawal from the case, to place $35,000 of previously awarded fees, which their client already paid, into an escrow account.  
Tetzlaff
, 304 Ill. App. 3d at 1035.  In that case, the attorneys did not wait for the court to enter a final order of dissolution before filing their appeal.  This court held it lacked jurisdiction on appeal, because the disgorgement order was an interim order and the Act did not authorize appeals of such orders.  
Tetzlaff
, 304 Ill. App. 3d at 1039, citing 750 ILCS 5/501(c-1) (West 2002).  The court said the disgorgement order was "merely a modification of the court's previous interim attorney fee award" and any dispute regarding an interim order could be raised at the hearing for final attorney fees.  
Tetzlaff
, 304 Ill. App. 3d at 1038-39.

Here, the final order of dissolution was entered April 18, 2003.  In the dissolution order, the trial court specifically reserved two issues for further consideration--the division of some personal property and attorney fees.  The court ordered:

"All issues regarding attorneys fees between each of the parties and the attorney for the children, have been, and will be determine (
sic
) by separate orders of this Court.  These issues are reserved for further hearing by the Court."

In the July 1, 2003, order, the court resolved the personal property issues but did not enter an order regarding attorney fees.  Leving contends the July 1, 2003, order made the disgorgement order final, because it disposed of the remaining issues between Vernon and Mary Beth, the original parties to the dissolution.  We believe neither the divorce decree on April 18, 2003, nor the July 1, 2003, order finalized the disgorgement order.  See generally 
In re Marriage of King
, 208 Ill. 2d 332, 344, 802 N.E.2d 1216 (2003) ("the issue of fees owed by a client to his or her attorney is not interrelated with other issues, such as child support, property division, and maintenance").

A final judgment is one that finally disposes of the entire controversy or a separate branch of it.  
In re Marriage of Berto
, 344 Ill. App. 3d 705, 716, 800 N.E.2d 550 (2003).  For appellate review purposes, an order is considered final even where the court reserved an issue for future determination, so long as that issue was incidental to the rights adjudicated by the judgment.  
Berto
, 344 Ill. App. 3d at 716.

Under the Act, an interim attorney fees award grants temporary relief--disgorgement is simply a method the court uses to redistribute the necessary available funds when the obligated party cannot otherwise afford to pay the interim award.  750 ILCS 5/501(c-1)(2) (West 2002).  Neither the interim award nor the disgorgement affects an attorney's claim for a final setting of attorney fees.  750 ILCS 5/508 (West 2002).  By definition, a disgorgement order is never a final adjudication of the attorney's right to fees--it merely controls the timing of payment, with no effect on whether, or how much, the attorney is entitled to collect at the conclusion of his services.  See 750 ILCS 5/501(c-1)(2) (West 2002); 750 ILCS 5/508 (West 2002); see generally 
In re Marriage of DeLarco
, 313 Ill. App. 3d 107, 728 N.E.2d 1278 (2000) (as a matter of discretion, a trial court will award attorneys only fees it deems 
reasonable
).  The order "terminates” at final judgment.  750 ILCS 5/508(d)(3) (West 2002); see also 
King
, 208 Ill. 2d at 345.

The Act provides two procedures for presenting a claim for fees:  (1) a party can pursue a contribution hearing to recover attorney fees paid to the opposing side; or (2) an attorney can file a section 508(c) petition to recover fees from a former client.  750 ILCS 5/501(c-1)(2) (West 2002). Both a contribution order and a final setting of attorney fees are considered final judgments on fees for purposes of appeal.  See 
In re Marriage of Suriano & LaFeber
, 324 Ill. App. 3d 839, 756 N.E.2d 382 (appeal reviewed contribution award); 
Devick
, 335 Ill. App. 3d at 742; see also 
King
, 208 Ill. 2d at 344-45 (a section 508(c) order setting final attorney fees, which preceded dissolution order, became final and appealable on the day the final judgment of dissolution was entered).

The reason orders awarding contribution or a final setting of fees are appealable, while interim orders are not, is clear:   the trial court can effectively 
undo
 any interim attorney fee award and related disgorgement by restoring fees to the attorney who previously relinquished his fees to opposing counsel.  However, in the case of a 508(c) petition, the former client, not the other side, pays to replace the disgorged fees.  750 ILCS 5/508(c) (West 2002).  If the attorney is successful and recovers the disgorged fees through a final setting of fees against his former client, the end result of disgorgement is merely a delay in payment.  If an attorney wants to avoid that delay, the immediate way he or she can contest on direct appeal the validity of a disgorgement order is to secure a contempt order by refusing to disgorge the fees.  See 
Stella
, 339 Ill. App. 3d at 617; 
Beyer
, 324 Ill. App. 3d at 321 ("[i]n the absence of a contempt order, the issue would not otherwise have been reviewable, as orders addressing interim attorney fee awards are not subject to interlocutory appeal").  Or he or she might be able to persuade a trial judge to certify the question pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).

In sum, the order disgorging attorney fees was not a final adjudication of Leving's right to fees.  Accordingly, the leveling of the playing field disgorgement order is not appealable, before or after final dissolution.

Leving paid the disgorged fees to opposing counsel as ordered.  Its client did not pursue contribution to recover the attorney fees from Mary Beth.  Leving subsequently filed a section 508(c) petition to recover its fees from Vernon.  Leving's petition was still pending in the trial court at the time it filed this appeal.  As of that time, the trial court still had to decide whether to order Vernon to pay Leving fees for its representation, which may include the amount previously disgorged, in whole or in part.

Without a final disposition regarding Leving's right to fees--the disgorgement order being inherently temporary and then terminated--we lack jurisdiction and must dismiss this appeal.  Furthermore, Leving is trying to recover its fees from both opposing counsel and its former client by simultaneously litigating this appeal and its 508(c) petition.  To allow an appeal under these circumstances would create the possibility of double recovery.

We dismiss for lack of jurisdiction.

Appeal dismissed.

BURKE, and GARCIA, JJ., concur.

FOOTNOTES
1:
On April 18, 2003, Ochoa requested the transcript be changed to reflect that he said "disgorgement” and not "disclosure.”  The trial court denied the request.  We assume he meant to say "disgorgement.”